USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/26/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRUSTEES OF THE MASON TENDERS
DISTRICT COUNCIL WELFARE FUND
PENSION FUND, ANNUITY FUND AND
TRAINING PROGRAM FUND, *et al.*,

                    Petitioners,

                    -against-

ENVIROCHROME INTERIORS & DESIGN,
INC.,

                    Respondent.

1:22-cv-9899 (MKV)

**ORDER**

MARY KAY VYSKOCIL, United States District Judge:

Petitioners Trustees for the Mason Tenders District Council Welfare Fund, Pension Fund, Annuity Fund and Training Program Fund, Anna Gutsin, and Mike Prohaska (collectively, "Petitioners") seek confirmation of an arbitration award entered against Respondent Envirochrome Interiors & Design Inc. ("Respondent"), pursuant to Section 301(c) of the Labor Management Relations Act, 29 U.S.C. § 185.

The Petitioner Funds are employee benefit plans designed to "provide fringe benefits to eligible employees on whose behalf employers contribute . . . pursuant to collective bargaining agreements between employers in the building and construction industry and [unions]." *See* Petition to Confirm Arbitration ¶ 1 [ECF No. 1] ("Pet."). Respondent is an employer bound by the terms of a collective bargaining agreement (the "CBA"). Pet. ¶¶ 3, 6. Pursuant to the CBA, Respondent is required to "pay contributions" to various employee benefit plans. Pet. ¶¶ 1, 7–11.

Petitioner initiated an arbitration proceeding in September 2021, alleging that Respondent failed to meet its payment obligations from July 29, 2014 through July 13, 2019. Pet. ¶¶ 15–16.

Despite having notice, Respondent did not appear at the arbitration hearing.[1]  Pet. ¶ 17; *see also* Opinion and Default Award [ECF No. 1-1] ("Arb. Award").  On November 29, 2021, arbitrator Joseph A. Harris concluded that Respondent owed "delinquent fringe benefits and associated items," and ordered Respondent to pay $19,400.08.  *See* Arb. Award at 2.  Petitioners seek an order confirming that arbitral award.  Pet. ¶ 16.  Petitioners served Respondent on December 2, 2022, *see* Affidavit of Service [ECF No. 6], but Respondent has again failed to appear or respond.

This Court has "jurisdiction over petitions brought to confirm labor arbitration awards." *Loc. 802, Associated Musicians of Greater N.Y. v. Parker Meridien Hotel*, 145 F.3d 85, 88 (2d Cir. 1998).  Where, as here, a petition to confirm an arbitration award is unopposed, the Court treats the petition "as an unopposed motion for summary judgment."  *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006).

"Normally, confirmation of an arbitration award is 'a summary proceeding that merely makes what is already a final arbitration award a judgment of the court, and the court 'must grant' the award 'unless the award is vacated, modified, or corrected.'"  *Id.* (citations omitted).  A court may not "review the arbitrator's decision on the merits," and instead, should "inquire only as to whether the arbitrator acted within the scope of his authority as defined by the collective bargaining agreement."  *Nat'l Football League Mgmt. Council v. Nat'l Football League Players Ass'n*, 820 F.3d 527, 536 (2d Cir. 2016).  Only "'a barely colorable justification for the outcome reached' by the arbitrator[] is necessary to confirm the award."  *D.H. Blair*, 462 F.3d at 110 (citation omitted).

---

[1] The arbitrator informed Respondent of the arbitral hearing via e-mail and both regular and certified mail.  *See* Arb. Award at 1.  Although the mail was returned to sender, the arbitrator had previously communicated with Respondent at the email address to which he sent notice of the hearing.  In addition, the day before the hearing, Respondent replied to the arbitrator's Zoom invitation (again sent to the same email address) to complain that Respondents had not received earlier notice of the hearing.  Because Respondents had notice, the arbitrator proceeded with the hearing on the scheduled day and time.

Here, the petition to confirm arbitration is unopposed. The Court finds no reason to vacate the arbitration award. Furthermore, there exists more than a "barely colorable justification" for the award in this case.[2] Accordingly, the petition to confirm the arbitration award is GRANTED. The Court awards judgment in Petitioners' favor in the amount of $19,400.08, plus statutory interest accruing from the date of this order until Respondent has paid the full Award.

The Clerk of Court is respectfully requested to close this case.

**SO ORDERED.**

Date:  **June 26, 2023**
       **New York, NY**

**MARY KAY VYSKOCIL**
**United States District Judge**

---

[2] This conclusion is not undone by the fact that Respondent did not appear in the arbitration or in this action. *See Trustees of Metal Lathers Loc. 46 Pension Fund v. Regal USA Constr., Inc.*, No. 19-CV-3148 (JMF), 2019 WL 2270435, at *1 (S.D.N.Y. May 28, 2019) ("[T]he Court can confirm awards issued in arbitrations that Respondent choose, after sufficient notice, not to appear in."); *see also Trustees of the UNITE HERE Nat'l Health Fund v. JY Apparels, Inc.*, 535 F. Supp. 2d 426, 428–30 (S.D.N.Y. 2008).